JACK MOLETTE v. T. J. HODGES ET AL.

(No. 2603, Op. Book No. 4.)

APPEAL from Lamar County.    Opinion by WHITE, P. J.

§ 398. *Personal property; sale of, under execution.*
Personal property taken in execution is by the statute
required to be sold at the court house, on the premises or
at some convenient place [Rev. Stats. art. 2311], and pre-
vious notice before sale must have been given of the time
and place of sale for ten days successively, by posting up
written or printed notices in at least three public places
in the county.    [Rev. Stats. art. 2312.]

§ 399. *Trespasser* AB INITIO, *if sale is made at a differ-
ent place than the one named in notice of sale.*  If per-
sonal property be sold under execution at a place different
from the one named in the notice of sale, the sale is an
improper one, and the officer making it would be liable
and responsible as a trespasser *ab initio.*  [Freeman on
Executions, § 290.]  And his liability as a trespasser *ab
initio* will attach, although the officer has paid over the
proceeds, because he departed from the authority with
which the law clothed him, by virtue of the execution, in
making the sale where he did make it.    It was only by
virtue of that authority that he had any right to take,
hold, sell, or apply the avails of the property.    When he
did the unlawful act of selling at a place not authorized,
he lost the protection of the execution, and the act
assumed the same legal character, and involved the same
legal consequences, as if he had not held the execution.
[Hall v. Ray, 40 Vermont, 576; Freeman on Executions,
§ 302.]

§ 400. *Liability of plaintiff for wrongful act of officer.*
A plaintiff in execution is answerable for every act of an
officer which he either directed or ratified.    [Freeman on
Executions, § 303.]

April 19, 1883.                        Reversed and remanded.